**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | **No. 12-cr-372 & 14-mc-174** |
| **YEVGENY LUNGIN** | : | |

**M E M O R A N D U M**

Stengel, J.                                          August     , 2015

As part of a criminal investigation involving Yevgeny Lungin, a 2007 Audi Q7 Quattro was seized by the Federal Bureau of Investigation (FBI). Mr. Lungin later pleaded guilty to drug charges. The Government moved for forfeiture of the automobile. Boris Kovalenko, a third party, claims that the vehicle belongs to him. He has petitioned the court to have it returned.[1] For the following reasons, I will deny this request.

## I.       PROCEDURAL BACKGROUND

On or about February 28, 2012, a Federal Complaint and Warrant charged Yevgeny Lungin with violations of federal drug and firearm statutes. Following his arrest, Lungin indicated he would cooperate with the Government, prolonging the filing of the indictment. Lungin was placed on house arrest with electronic monitoring until June 7, 2012.[2]

---

[1] The petition can be found at 14-mc-174. This action was later consolidated into the original criminal action 12-cr-372. See Doc. No. 45, 12-cr-372.

[2] The Government proposed charging Lungin with a bill of information. He did not agree.

On July 25, 2012, Lungin was charged in a Bill of Indictment with one count of knowingly possessing with intent to distribute a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C. §841(a)(1), (b)(1)(d); one count of distribution of marijuana in violation of 21 U.S.C. §841(a)(1), (b)(1)(B); and one count of illegally possessing a firearm, in violation of 18 U.S.C. §922(g)(1).[3]

Lungin agreed to plead guilty to the charges. However, he failed to appear at his Change of Plea Hearing and initial appearance before the Magistrate Judge. His Pre-Trial Services Officer was unable to locate him. A bench warrant for his arrest was issued by the court.[4]

Mr. Lungin remained a fugitive for approximately seven months.[5] While searching for Lungin, the FBI conducted surveillance and observed the defendant's wife Marine Lungin driving a 2007 Audi Q7. The FBI also contacted Mr. Lungin's neighbors, including Boris Kovalenko, to investigate his whereabouts. On March 26, 2013, Lungin was arrested by law enforcement while driving the 2007 Audi Q7 (Vehicle Identification No. WA1AV74L47D056846, PA Tag JDX0953).[6] At the time of his arrest, Mr. Lungin was found in possession of heroin.

Following Lungin's arrest, Marine Lungin contacted the FBI about when the 2007 Audi Q7 would be returned to her. The FBI found that the title of the car was in the name

---

[3] Doc. No. 1, 12-cr-372.

[4] See Doc. No. 6, 12-cr-372.

[5] During Marine Lungin's deposition, she testified that her husband went on the run on August 1, 2012. Tr. (Marine Lungin) at 11.

[6] See Doc. No. 12, 12-cr-372.

of "Boris Kovalenko." The FBI informed Mrs. Lungin that Mr. Kovalenko would need to be present when the vehicle was returned. Subsequently, both Mrs. Lungin and Mr. Kovalenko came to pick up the 2007 Audi Q7. Upon questioning by the FBI, Kovalenko admitted he had never ridden in the vehicle.

On April 22, 2013, a seizure warrant was issued by United States Magistrate Judge Henry S. Perkin for the 2007 Audi Q7. After further investigation, the Government concluded that Kovalenko was a "straw purchaser" of the 2007 Audi Q7, that the vehicle had been originally purchased by Mr. Lungin on May 19, 2012 while Lungin was on house arrest, and that Lungin and his wife—not Kovalenko—had continually used the car since its purchase.

On or about April 30, 2013, the FBI executed the seizure warrant while Marine Lungin was driving the 2007 Audi Q7. On September 4, 2013, the Government sent to Mr. Lungin's counsel a letter in lieu of a formal Bill of Particulars, specifically identifying certain items encompassed within the Notice of Forfeiture in Bill of Indictment 12-cr-372, including but not limited to the 2007 Audi Q7. A copy of this letter was sent to Mr. Kovalenko's counsel as well.

On September 30, 2013, Mr. Lungin pleaded guilty to the charges in the indictment and further agreed that he had committed an additional offense, in violation of 21 U.S.C. §846, 841(a)(1), (b)(1)(C).[7] On May 19, 2014, the Court issued the Judgment and Preliminary Order of Forfeiture. On July 18, 2014, Mr. Kovalenko filed a Petition for

---

[7] Between April 2010 and February 2012, Mr. Lungin had also conspired to distribute over 50 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance. Mr. Lungin agreed that he possessed 58.5 kilograms of marijuana which was he either intended to distribute or did distribute in furtherance of the criminal activity jointly undertaken by Lungin and others between April 2010 and February 2012.

3

a Hearing to Adjudicate the Validity of Petitioner's Interest in the Property. On

September 12, 2014, the Government conducted depositions of Boris Kovalenko, Boris

Lungin (the defendant's father), Marine Lungin, and Timofey Sklyarsky (the owner of T

Car Care, Inc., the original title owner of the vehicle).

A hearing regarding this petition was held on March 23, 2015. At that hearing, Mr.

Kovalenko, Boris Lungin, and Marine Lungin testified. Karolina Kukawski, a friend of

the Lungin family who was involved with the purchase of the car, and FBI agent T.J.

Hanna also testified.

## II.   RELEVANT FACTS

On May 18, 2012, while on house arrest, Mr. Lungin purchased the 2007 Audi Q7

from the Willow Grove Audi dealership for $21,000.[8] At the time of purchase, Mr.

Lungin provided three separate cashiers' checks from three separate banks (TD Bank,

Sovereign Bank, N.A., and Wells Fargo Bank) totaling $17,000. He put the remaining

$4000 on his American Express card.[9] Mr. Lungin also provided his driver's license and

a copy of T Car Care, Inc.'s Vehicle Dealer's License. T Car Care Inc. was owned by

Timofey Sklyarsky.[10]  Lungin placed the 2007 Audi Q7 in the name of T Car Care, Inc.[11]

On November 19, 2012, while the defendant was on the run, the 2007 Audi Q7's

title was transferred to Boris Kovalenko, his neighbor and a friend of his father Boris

---

[8] See Doc. No. 48, Ex. 8.

[9] See id.

[10] See id.

[11] See id.

Lungin.[12] At the time of the title transfer, Boris Lungin acted as the notary for the transaction.[13] Boris Lungin did not record this notarization in his notary logbook.[14]

Kovalenko provided a copy of a "Bill of Sale-Motor Vehicle" from T Car Care, Inc. dated November 19, 2012 stating that Kovalenko paid $15,500 to T Car Care for the 2007 Audi Q7.[15] This Bill of Sale was not signed by T Car Care's owner Timofey Sklyarsky.[16] Kovalenko admitted that no money was paid to T Car Care, Inc. on November 19, 2012 as stated on this Bill of Sale.[17] Kovalenko admitted he never talked to Timofey Sklyarsky about the purchase of the 2007 Audi Q7 and that Mr. Sklyarsky was not present when he completed the title paperwork with Boris Lungin.[18]

Although the 2007 Audi Q7 was registered in Kovalenko's name, the address used for the registration of the vehicle was Boris Lungin's address.[19] Kovalenko admitted that Boris Lungin handled the insurance for the 2007 Audi Q7.[20] Kovalenko also admitted

---

[12] See Doc. No. 48, Ex. 6.

[13] See id.

[14] See Tr. (Boris Lungin) at 20-21.

[15] See Doc. No. 48, Ex. 4.

[16] See id.

[17] Tr. (Kovalenko) at 52; 64.

[18] Id. at 52; 57.

[19] See Doc. No. 48, Ex. 3.

[20] Tr. (Kovalenko) at 59-61.

that he never took possession of the car at any point after the transfer nor has he ever had keys to the vehicle.[21] Instead, Marine Lungin continued to drive the 2007 Audi Q7.[22]

When Mr. Kovalenko spoke to the FBI on March 27, 2013—after Yevgeny Lungin had been arrested while driving the 2007 Audi Q7—Mr. Kovalenko claimed the 2007 Audi Q7 was purchased for his son.[23] During his deposition and at the hearing, Kovalenko claimed he had given Yevgeny Lungin $15,500 in cash in April 2012 to purchase a car for him because he wanted to send the vehicle overseas to his daughter in Russia.[24] Kovalenko testified that he did not have any documentation related to this transfer of $15,500 to defendant Lungin.[25] Allegedly, Kovalenko did not like the vehicle once he saw it and was upset that it cost more than he anticipated spending.[26] He allegedly refused to accept it after it was first purchased and wanted a different vehicle purchased.[27] Yevgeny Lungin allegedly offered him the vehicle again in November 2012 as payment for the $15,500 he owed Kovalenko; this time Kovalenko allegedly accepted the car.[28]

---

[21] Id. at 62.

[22] Id.

[23] Id. at 70, 71-72.

[24] Id. at 43-46.

[25] Id. at 52.

[26] Id. at 46; 51, 73-76.

[27] Id. at 73-76.

[28] Id. at 53.

## III.   LEGAL STANDARD

The federal statute under which Mr. Lungin was convicted provides that any property derived from the proceeds obtained through his illegal conduct or which was used to commit his crimes shall be forfeited to the Government. See 21 U.S.C. § 853(a). All rights, title, and interest in such property vests in the United States "upon the commission of the act giving rise to forfeiture…" 21 U.S.C. § 853(c).[29]

Any person, other than the defendant, asserting a legal interest in property subject to forfeiture may petition the court for an ancillary hearing to contest the forfeiture. See 21 U.S.C. § 853(n)(2)(2009). The purpose of an ancillary proceeding is to determine whether the property belongs to the third party contesting a forfeiture. United States v. Nolasco, Nos. 08–4664, 08–4872, 354 Fed. Appx. 676, 679-80 (3rd Cir. Dec. 4, 2009).[30] In other words, it is a hearing for quiet title. Id. If the property at issue does not belong to the third party bringing the ancillary claim, the order forfeiting the property to the Government is valid and will become final. See 21 U.S.C. § 853(n)(7)(providing that at the end of the ancillary proceeding, the Government has clear title to the property). If the property does belong to the third party, then the order of forfeiture must be amended to recognize and exclude the third party's interest. See 21 U.S.C. § 853(n)(6). A person

---

[29] See also 21 U.S.C. § 853(d)("There is a rebuttable presumption at trial that any property of a person convicted of a felony under this subchapter or subchapter II of this chapter is subject to forfeiture under this section if the United States establishes by a preponderance of the evidence that-- (1) such property was acquired by such person during the period of the violation of this subchapter or subchapter II of this chapter or within a reasonable time after such period; and (2) there was no likely source for such property other than the violation of this subchapter or subchapter II of this chapter.").

[30] See also United States v. Gilbert, 244 F.3d 888, 911 (11th Cir. 2001)(the "ancillary proceeding is essentially a quiet title proceeding"); United States v. Henry, 64 F.3d 664, (6th Cir. 1995)(same).

contesting forfeiture cannot relitigate the facts leading to a defendant's conviction or raise possible defects in the defendant's trial. See United States v. Sokolow, No. CRIM. 93–394–01, 1996 WL 32113, at *17 (E.D. Pa. 1996), *reversed and remanded on other grounds*, 91 F.3d 396 (3d Cir. 1996).[31]

## IV.    DISCUSSION

There are two ways Mr. Kovalenko can prevail. He needs to show by a preponderance of the evidence that he either: 1) had a legal right, title, or interest in the Audi which was superior to Mr. Lungin's right in the Audi at the time Lungin committed his crimes, or 2) was a "bona fide purchaser" *for value* of the right, title, or interest in the Audi after Lungin committed his crimes but was "reasonably without cause to believe" that the property was subject to forfeiture. 21 U.S.C. § 853(n)(6). To be a bona fide purchaser, Kovalenko must have acquired a property interest in the Audi "through an advertent, contractual transaction." U.S. v. Lavin, 942 F.2d 177, 178 (3d Cir. 1991).

Mr. Kovalenko has not met his burden. I did not find Mr. Kovalenko's explanation of why he was entitled to ownership of the vehicle to be credible. He offered different stories for why title was eventually put in his name. Mr. Kovalenko never took possession of the vehicle. He cannot prove that he paid money for any ownership interest in the vehicle. He cannot show that he acquired a property interest in the Audi "through an advertent, contractual transaction" with the original title holder T Car Care. He never even had keys to the car. Instead, Yevgeny Lungin and his wife drove the 2007 Audi Q7,

---

[31] See also United States v. Oregon, 671 F.3d 484, 492 n.12 (4th Cir. 2012) (the ancillary proceeding is not concerned with procedural errors in the forfeiture process, but only with whether the claimant has a legal interest that entitles him to recover the forfeited property); United States v. Andrews, 530 F.3d 1232, 1237 (10th Cir. 2008); United States v. Davenport, 668 F.3d 1316, 1321 (11th Cir. 2012).

had possession of it, and control over it since the time Lungin bought the vehicle from the Willow Grove Audi dealership in May 2012. Boris Lungin, not Kovalenko, paid for the insurance on the vehicle. Mr. Kovalenko cannot show that he has either a superior legal interest or was a bona fide purchaser of the 2007 Audi Q7 for value.

## V.    CONCLUSION

For the foregoing reasons, Mr. Kovalenko's petition is denied. The Government's Order for forfeiture shall become final.

An appropriate Order follows.